IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, Plaintiff, | ) ) ) ) | 1:12-cv-1612 |
| v. | ) ) | |
| FIFTH THIRD BANK, Defendant. | ) ) ) | JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1.     Plaintiff Gary Hanley brings this action against Fifth Third Bank, N.A. ("Fifth Third") to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed calls to plaintiff's cellular telephone, after plaintiff demanded that the calls stop.

## JURISDICTION AND VENUE

2.     The Court has federal question jurisdiction because this action is brought pursuant to a federal statute.

3.     Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4.     Plaintiff is an individual who resides in this District.  Plaintiff's cellular telephone number is 630-xxx-5690.

1

5. Defendant is one of the banks in the United States. It does business in this District.

## FACTS

6. The TCPA prohibits the use of an automatic telephone dialing system to call any cellular telephone.

7. Defendant called plaintiff's cellular telephone on at multiple occasions over the past four years, after plaintiff asked defendant to stop.

8. Upon information and belief, defendant also called other persons' cellular telephones using telephone equipment regulated by the TCPA, after those persons asked that the telephone calls cease.

# COUNT I – TCPA

9. Plaintiff incorporates all previous paragraphs of this complaint.

10. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an "artificial or prerecorded voice."

11. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system, and to an injunction stopping the illegal activity.

12. The violations alleged herein were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

13. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois area code phone numbers who defendant or some person on its behalf called on their cell phone using a device that had the capacity to dial telephone numbers without human intervention, and/or using an artificial or prerecorded voice, after defendant had received a demand to stop, where any such call happened within four years of the filing of this complaint, ongoing.

14. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system and/or artificial or prerecorded voice as that those terms are defined in the TCPA and applicable FCC regulations and orders;

    b. Whether a person may validly demand that such calls stop; and

    c. Damages, including whether the violation was willful.

15. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

16. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

17. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

18. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

19. The identities of the class members are identifiable from defendant's records.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b. A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

    c. A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

    d. Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke