IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIFTH THIRD BANK, <br><br> Defendant. | Case No. 1:12-CV-1612 <br><br> Hon. Rubin Castillo <br><br> Magistrate Judge Maria Valdez |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Fifth Third Bank, N.A. ("Defendant"), through its attorneys Reed Smith LLP, hereby submits its answer and affirmative defenses to the Plaintiff's class action complaint as follows:

## CLASS ACTION

1. Plaintiff Gary Hanley brings this action against Fifth Third Bank, N.A. ("Fifth Third") to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed calls to plaintiff's cellular telephone, after plaintiff demanded that the calls stop.

**ANSWER:** Defendant admits that Plaintiff has brought a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") but denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction because this action is brought pursuant to a federal statute.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER**: Defendant admits that venue is proper but denies any and all liability under the allegations of Plaintiff's Complaint and denies the remaining allegations in Paragraph 3.

## PARTIES

4. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-5690.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies them.

5. Defendant is one of the banks in the United States. It does business in this District.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

## FACTS

6. The TCPA prohibits the use of an automatic telephone dialing system to call any cellular telephone.

**ANSWER**: Defendant denies the allegations in Paragraph 6.

7. Defendant called plaintiff's cellular telephone on at [sic] multiple occasions over the past four years, after plaintiff asked defendant to stop.

**ANSWER**: Defendant admits that it called a telephone number that was associated with Plaintiff's collection account on multiple occasions. Defendant denies that Plaintiff properly "asked defendant to stop" as required under the TCPA, and therefore denies the remaining allegations in Paragraph 7.

8. Upon information and belief, defendant also called other persons' cellular telephones using telephone equipment regulated by the TCPA, after those persons asked that the telephone calls cease.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies them.

## COUNT I – TCPA

9. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER**: Defendant incorporates its answers to all previous paragraphs of Plaintiff's Complaint.

10. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an "artificial or prerecorded voice."

**ANSWER**   The allegations in Paragraph 10 assert a legal conclusion. To the extent a response is necessary, Defendant denies the allegations in Paragraph 10.

11. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system, and to an injunction stopping the illegal activity.

**ANSWER**: Defendant denies the allegations in Paragraph 11.

12. The violations alleged herein were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**ANSWER**: Defendant denies the allegations in Paragraph 12.

## Class Allegations

13. Plaintiff brings Count I on behalf of a class, which consists of:

> All persons with Illinois area code phone numbers who defendant or some person on its behalf called on their cell phone using a device that had the capacity to dial telephone numbers without human intervention, and/or using an artificial or prerecorded voice, after defendant had received a demand to stop, where any such call happened within four years of the filing of this complaint, ongoing.

**ANSWER**: Defendant admits that Plaintiff purports to bring this suit as a putative class action but denies any and all liability to Plaintiff. Defendant further denies that Plaintiff is entitled to certification of any such alleged Class as set forth in Paragraph 13.

14. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system and/or artificial or prerecorded voice as that those terms are defined in the TCPA and applicable FCC regulations and orders;

   b. Whether a person may validly demand that such calls stop; and

   c. Damages, including whether the violation was willful.

**ANSWER**: Defendant denies the allegations in Paragraph 14.

15. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies them.

16. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER**: Defendant denies the allegations in Paragraph 16.

17. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER**: Defendant denies the allegations in Paragraph 17.

19. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER**: Defendant denies the allegations in Paragraph 18.

19. The identities of the class members are identifiable from defendant's records.

**ANSWER**: Defendant denies the allegations in Paragraph 19.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER**: Defendant denies the allegations in Paragraph 20.

**WHEREFORE**, Defendant Fifth Third Bank, N.A., prays that judgment be entered in its favor with costs against Plaintiff Gary Hanley, and for such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES TO COMPLAINT

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1. Defendant had prior express consent to make the telephone calls at issue.

2. Plaintiff and other alleged members of the purported class did not adequately revoke their prior express consent to receive the telephone calls at issue as a matter of fact or law.

3. Determining who did or did not adequately revoke their prior express consent is not determinable from Defendant's records and therefore would require individual mini-

hearings, which would defeat the commonality, predominance and superiority requirements for class certification under Federal Rule of Civil Procedure 23.

4. Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

5. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

Dated: April 25, 2012

Respectfully submitted,

Fifth Third Bank, N.A.

By: s/Gary S. Caplan
    One of Its Attorneys

Gary S. Caplan - #6198263
Henry Pietrkowski -- #6230048
Timothy R. Carraher - #6299248
Reed Smith LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-1000

*Counsel for Defendant*
                             *Fifth Third Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2012, the foregoing *Defendant's Answer And Affirmative Defenses To Plaintiff's Class Action Complaint* were filed electronically using the ECF system which will send notification of such filing to all parties of record in the above-captioned matter.

Dated: April 25, 2012

Respectfully submitted,

Fifth Third Bank, N.A.

By: s/Gary S. Caplan
      One of Its Attorneys

Gary S. Caplan - #6198263
Henry Pietrkowski -- #6230048
Timothy R. Carraher - #6299248
Reed Smith LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-1000

*Counsel for Defendant*
*Fifth Third Bank, N.A.*