**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, | ) | |
| | ) | 1:12-cv-1612 |
| Plaintiff, | ) | |
| | ) | Judge Castillo |
| v. | ) | |
| | ) | |
| FIFTH THIRD BANK, | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |

**<u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

Plaintiff respectfully requests that this Court grant him leave to file an Amended Complaint in this action. The proposed Second Amended Complaint is attached as <u>Appendix 1</u>.

In support of this motion, plaintiff states:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) case against a bank that improperly called plaintiffs' cellular telephones using an autodialer and/or prerecorded messages.

2. Fifth Third has admitted in discovery that it used an "automatic telephone dialing system" as that term is defined in the TCPA to call plaintiff and the class. The only issue remaining in this case is whether defendant can prove a "prior express consent" defense.

3. The class in the original complaint was defined to include only persons called with the automated equipment whose consent Fifth Third did not have to call, by virtue of demands to cease and desist. That class consisted of persons who demanded that calls stop, only.

4. Discovery shows, however, that Fifth Third was calling plaintiff as to two separate accounts, rather than just one as plaintiff originally believed. And as to one of those accounts, Fifth

Third has not produced any documentation at all that it had prior express consent to call plaintiff's cellular telephone.

5.    The proposed Amended Complaint therefore conforms to the facts mentioned above. The new complaint keeps the original class definition of persons that Fifth Third called after having received a demand to stop, and adds a new class of persons Fifth Third called, and never had consent in the first place as to that account.

6.    Plaintiffs have not engaged in any delay. The amendments are based upon facts gleaned from documents produced that defendant still refuses to explain in responses to simple interrogatories that ask for defendant to explain its affirmative defenses.

7.    No substantive claims have been added or subtracted from the case. The case remains a TCPA class action.

8.    Pursuant to Fed.R.Civ.P. 15(a)(2), a district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord, Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM) 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

9.    The proposed amendments will not cause any prejudice to the defendant.  *See*

*Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

10.     Fifth Third will not be prejudiced by this amendment. Indeed, defendant has known that it did not have consent for the calls based upon the second account since the beginning of this case, but has chosen not to respond to plaintiff's interrogatories asking for precisely this information. In response to plaintiff's Fed.R.Civ.P. 37 efforts to push defendant to disclose its prior express consent theory defendant shot back, arguing that there are still several months left in discovery. In sum, given the liberal standards for allowing amendments to pleadings, the motion should be granted.

WHEREFORE, plaintiff respectfully request that this Court grant him leave to amend the amended attached as <u>Appendix 1</u>.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Of counsel, *pro hac vice* motion to be filed shortly:

Beth E. Terrell

**Terrell Marshall Daudt & Willie PLLC**

936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
beth@tmdwlaw.com
www.tmdwlaw.com

# Appendix 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | 1:12-cv-1612 |
| | ) | |
| | ) | Judge Castillo |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| FIFTH THIRD BANK, | ) | JURY DEMANDED |
| Defendant. | ) | |

**AMENDED COMPLAINT**

**CLASS ACTION**

1.      Plaintiff Gary Hanley brings this action against Fifth Third Bank, N.A. ("Fifth Third") to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed collection "robocalls" to plaintiff's cellular telephone. Such calls are permissible if the caller has the "prior express consent" or permission of the called party, as to the specific account being collected.

2.      Fifth Third called plaintiff's cellular telephone hundreds of times in attempts to collect on at least two allegedly overdue automobile loans, and perhaps for other reasons, too.

3.      All class members' claims are the same because Fifth Third used the same autodialers to call plaintiff and the class members.

4.      To account for any consent defense "individual issue" arguments, plaintiff brings this case on behalf of two discrete classes. Count I pertains to persons who withdrew their permission to receive calls as to a particular account, thus revoking any previously given consent to be called using the regulated equipment. Count II pertains to persons whose cell phones Fifth Third called using the regulated equipment, and *never* had "prior express consent" to do so as to that account.

1

5.     Plaintiff is a member of each class, and seeks damages and an injunction prohibiting defendant from making similar illegal calls in the future on behalf of both. 47 U.S.C. §227(b)(3).

## JURISDICTION AND VENUE

6.     The Court has federal question jurisdiction because this action is brought pursuant to a federal statute. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

7.     Plaintiff is an individual who resides in this District.   Plaintiff's cellular telephone number is 630-xxx-5690.

8.     Defendant is one of the banks in the United States. It does business and has branches in this District.

## FACTS

9.     The TCPA prohibits the use of an automatic telephone dialing system to call any cellular telephone. An affirmative defense exists if the collector/creditor can show that it had the recipient's "prior express consent" to receive such calls, as to the specific account that is the subject of the calls.

10.     Defendant called plaintiff's cellular telephone dozens of times over the past four years.

11.     Defendant appears to have been calling to collect at least two separate car loans that it was servicing. Those two accounts end in the numbers 5442 and 9114.

12.     There may have been other accounts, and/or calls or text messages sent, which also may have been made for reasons other than collection purposes.

2

13.     Federal Communications Commission regulations and final orders require persons who use robocalls to keep track of any "prior express consent" to call. If the caller cannot show that it had consent, then the defense is unavailable. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

**Account Number 5442 - Revocation of Consent**

14.     Plaintiff provided his cellular telephone number as his work number on an application for an automobile loan associated with the 5442 account number. After Fifth Third began robodialing his cell phone in attempts to collect that account, demanded that the calls stop.

15.     Fifth Third's collection agents took notes during conversations with plaintiff arising out of these phone calls, and repeatedly noted that plaintiff asked that the calls stop.

16.     Based upon the demands to cease and desist, the calls should have stopped: Fifth Third's policy regarding verbal requests to stop calling is to places a ten-day hold on the account and informs the caller that collection calls will resume after ten days if a written request is not received.

17.     Even though it logged his requests to stop calling, Fifth Third never initiated a ten-day hold for calls to plaintiff's cellular telephone.

18.     In other words, Fifth Third failed to follow its own policies in heeding cease and desist demands. In fact, records show that Fifth Third often loaded plaintiff's cellular telephone back into its dialer the same day as it should have stopped call, or at lease place a ten day hold.

19.     Furthermore, although this phone number was on the application for credit, this was serendipitous. It appears that Fifth Third actually *obtained* the number from some source other than this application, and other than from plaintiff.

3

20.     Fifth Third's records show that it knew that it did not have plaintiff's permission to make any calls on the 5442 account. The records also show that it continued calling in spite of this.

**Account Number 9114 – No Consent, Ever**

21.     Plaintiff never provided his cellular telephone number to defendant in connection with the 9114 account.

22.     Although plaintiff has asked for the information in discovery, defendant has refused to say where it obtained the cellular telephone number as to this account.

23.     Upon information and belief, defendant *does not know* how plaintiff's cellular telephone number became associated with the 9114 account.

24.     Despite that there existed no prior express consent for these calls, defendant called plaintiff's cellular telephone dozens of times using its automatic dialer, in attempts to collect the 9114 account.

25.     Upon information and belief, defendant either merged the phone number from another account such as the 5442 account, used a skip trace to find the number, or obtained it from an application for automobile insurance it obtained.

26.     Plaintiff and the class have been damaged by defendant's illegal conduct complained of herein. Their privacy has been invaded, they were forced to use airtime minutes on their cellular telephone and/or were otherwise charged for the calls, and they were annoyed and humiliated by the incessant calls.

27.     There may be other reasons for calls or text messages from Fifth Third to plaintiff and the class, of which plaintiff is not aware.

4

# COUNT I – TCPA – Revocation of Consent

28.    Plaintiff incorporates all previous paragraphs of this complaint.

29.    It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an "automatic telephone dialing system" and/or "artificial or prerecorded voice," unless the caller has the called party's "prior express consent."

30.    Plaintiff and the class made it clear to defendant that Fifth Third did not have their permission to call their cellular telephones using automated equipment.

31.    Fifth Third ignored these demands.

32.    Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system, and to an injunction stopping the illegal activity.

33.    Plaintiff and the class have been damaged by Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. Mims v. Arrow Financial Services, Inc., 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

34.    The violations alleged herein were negligent, or alternatively, they were willful or knowing.  47 U.S.C. §312(f)(1).

## Class Allegations

35.    Plaintiff brings Count I on behalf of a class, which consists of:

All persons who defendant or some person on its behalf called on their cell phone using a device that had the capacity to dial telephone numbers without human intervention, and/or using an artificial or prerecorded voice, after defendant had received a demand to stop, where any such call happened after March 6, 2008.

36.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

         a.     Whether defendant used an automatic telephone dialing system and/or artificial or prerecorded voice as that those terms are defined in the TCPA and applicable FCC regulations and orders;

         b.     Whether a person may validly demand that such calls stop; and

         c.     Damages, including whether the violation was willful.

37.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

38.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

39.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

40.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

41.     The identities of the class members are identifiable from defendant's records.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

a.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.      A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

c.      A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

d.      Any other relief the Court finds just and proper.

## COUNT II – TCPA – No Consent Ever

43.     Plaintiff incorporates all previous paragraphs of this complaint.

44.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an "automatic telephone dialing system" and/or "artificial or prerecorded voice," unless the caller has the called party's "prior express consent."

45.     Fifth Third called plaintiff as to the 9114 account, even though it never had plaintiff's consent to be called using the proscribed equipment as to that account.

46.     Fifth Third may have called plaintiff for other reasons, too, when it never had his consent; any such calls would be part of this Count. For its part, Fifth Third has refused to tell plaintiff in discovery where it obtained his cell phone number as to the 9114 account.

47.     Fifth Third called the class members, too, even though it never had prior express consent to do so.

48.     Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system, and to an injunction stopping the illegal activity.

49.     The violations alleged herein were negligent, or alternatively, they were willful or knowing.  47 U.S.C. §312(f)(1).

## Class Allegations

50.     Plaintiff brings Count I on behalf of a class, which consists of:

All persons who defendant or some person on its behalf called on their cell phone using a device that had the capacity to dial telephone numbers without human intervention, and/or using an artificial or prerecorded voice, where defendant obtained the cell phone number called from some source other than directly from the called party, as to the specific subject matter of the calls.

51.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

        a.      Whether defendant used an automatic telephone dialing system and/or artificial or prerecorded voice as that those terms are defined in the TCPA and applicable FCC regulations and orders;

        b.      Damages, including whether the violation was willful.

52.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

53.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

54.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

55.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

56.    The identities of the class members are identifiable from defendant's records.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendants that provides the following relief:

a.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.      A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

c.      A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

d.      Any other relief the Court finds just and proper.


Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Of counsel, *pro hac vice* motion to be filed shortly:

Beth E. Terrell
**Terrell Marshall Daudt & Willie PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869

10

Telephone: (206) 816-6603
Facsimile: (206) 350-3528
beth@tmdwlaw.com
www.tmdwlaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Beth E. Terrell
**Terrell Marshall Daudt & Willie PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
beth@tmdwlaw.com
www.tmdwlaw.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

11