**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-CV-1612 |
| v. | ) ) | Hon. Rubin Castillo |
| FIFTH THIRD BANK, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) ) | |

**DEFENDANT FIFTH THIRD BANK'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT**

**I.     INTRODUCTION.**

This case involves whether Defendant Fifth Third Bank violated the federal Telephone Consumer Protection Act ("TCPA") when it called Plaintiff's cell phone to collect past due debts on two delinquent car loans. Among other things, the TCPA prohibits using an autodialer to call a cell phone number without the recipient's prior express consent. Plaintiff's Complaint currently alleges that Plaintiff gave his prior express consent to be called about both of the loans at issue; however, he asserts that Fifth Third violated the TCPA when it did not honor Plaintiff's subsequent *oral request to revoke* his prior consent. The two main legal issues arising from the current Complaint are: (1) whether an oral revocation is sufficient to revoke a debtor's prior express written consent under the TCPA; and (2) whether the putative class of Illinois debtors is ascertainable given that Fifth Third would have to review each of more than 200,000 potential Illinois class members' voluminous records to determine if each class member ever tried to orally revoke his or her prior written consent, and if so, what action Fifth Third took in response.

Plaintiff now seeks to amend his Complaint (i) to expand the putative "oral revocation" class in Count I from an Illinois-only class to a nationwide class, and (ii) to add a second count alleging a putative nationwide class on behalf of all persons who *never* consented to receive calls on their cells phones from Fifth Third. Plaintiff claims that he is a member of both putative classes. For Count I, he admits that he provided prior written consent to call his cell phone about his first car loan but claims that Fifth Third failed to honor his later oral request to stop calling him at that number. For his new proposed Count II, Plaintiff now, for the first time, asserts that he *never* provided express consent allowing Fifth Third to call him about his second delinquent car loan.

Fifth Third does not object to Plaintiff amending Count I of his Complaint to assert a nationwide class instead of an Illinois-only class. Fifth Third believes that this broad expansion of the putative "oral revocation" class will only further demonstrate the impossibility of ascertaining an objectively identifiable class because it would depend on individually reviewing millions of records to attempt to determine, if possible, whether each person tried to orally revoke his or her prior consent and what Fifth Third did in response to each such request.

However, Plaintiff's request to add a second count asserting a new putative nationwide class of persons who *never* consented to receiving calls on their cell phones should be denied as futile. Aside from the class ascertainability problems noted above, the documents produced by Fifth Third in discovery conclusively demonstrate that Plaintiff *did* consent to Fifth Third calling his cell phone in connection with his second car loan. Specifically, Plaintiff's second car loan agreement provided, "I agree that Seller or its assignee may from time to time make calls and send text messages to me using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number I provide to Seller or its assignee in

connection with my account, including a mobile telephone number that could result in charges to me." Plaintiff provided his cell phone number to Fifth Third on a vehicle service contract that was financed as part of his second car loan. Because Plaintiff voluntarily provided his cell phone number "in connection with" his second car loan account, he has no claim under the TCPA and is not even a member of the "no consent" class he seeks to represent. Plaintiff's motion for leave to amend his Complaint to add a "no consent" class therefore is futile and should be denied.

## II.     LEGAL STANDARD.

Federal Rule of Civil Procedure 15(a)(2) provides that, "The court should freely give leave [to amend] when justice so requires." This general statement, however, has a number of well recognized exceptions, including futility of amendment. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Sound of Music Co. v. Minn. Mining & Manf. Co.*, 477 F.3d 910, 922 (7th Cir. 2007); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). A motion for leave to amend need not be allowed if the amendment would be futile, such as when it could not survive a motion for summary judgment. *Sound of Music*, 477 F.3d at 922-23 (citing *Bethany*, 241 F.3d at 861); *see also Schor v. Daley*, 563 F. Supp. 2d 893, 904 (N.D. Ill. 2008) (Castillo, J.) ("Amending a complaint would be futile if the amended claim would not survive a motion for summary judgment") (citing *U.S. ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007); *Sound of Music*, 477 F.3d at 923). Both this Court and the Seventh Circuit have denied motions for leave to amend on grounds of futility. *See, e.g., Sound of Music*, 477 F.3d at 923-24 (denying motion for leave to amend complaint to add an Illinois Consumer Fraud Act claim where it could not survive a summary judgment motion); *Bethany*, 241 F.3d at 861 (denying motion for leave to amend complaint to add a promissory estoppel claim where it could not survive a summary judgment motion); *Schor*, 563 F. Supp. 2d at 904-05 (refusing to

grant leave to amend where plaintiffs would not be able to succeed on their proposed due process

or vagueness claims); *Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 900-03 (N.D. Ill. 2008)

(Castillo, J.) (refusing to grant leave to amend where plaintiff's fraud claims were time-barred

and she possessed no additional information to support her claim; instead, she was engaged in a

"vast fishing expedition" by which she "hop[ed] that discovery will turn up the information she

is missing").

## III.    PLAINTIFF'S PROPOSED AMENDED COMPLAINT WOULD BE FUTILE.

### A.    Plaintiff Consented To Be Called On His Cell Phone In Connection With His Second Loan Account.

On February 12, 2010, Plaintiff entered into an installment loan agreement

("Agreement") with Chuck VanHorn Dodge, Inc. to finance a Jeep Grand Cherokee in the

amount of $25,947.68.  (Affidavit of Mona Erickson ("Erickson Aff.") ¶6 & Ex. A thereto.)

Pursuant to the terms of the Agreement, the loan was assigned to Fifth Third.  (*Id.*)  Under this

Agreement, Plaintiff expressly agreed that:

> From time to time, I agree Seller or its assignee may monitor and record
> telephone calls regarding my account to assure the quality of service provided by
> Seller or its assignee.  In order for Seller or its assignee to service my account or
> to collect any amounts I may owe, and subject to applicable law, **I agree that
> Seller or its assignee may from time to time make calls and send text
> messages to me using prerecorded/artificial voice messages or through the
> use of an automatic dialing device <u>at any telephone number I provide to
> Seller or its assignee in connection with my account, including a mobile
> telephone number</u> that could result in charges to me.**

(*Id.* at Ex. A, § 8(l) (emphases added).)  Plaintiff provided his cell phone number – (xxx) xxx-

5690 – to Fifth Third on a vehicle service contract that was incorporated into and financed as

part of the Agreement.  (*Id.* ¶7 & Ex. B thereto (FT 000607).)  The vehicle service contract

purchase price is $1299.00.  *Id.*  And on page 2 of the Agreement (FT000598), the vehicle

service contract in the amount of $1299.00 is part of the total amount financed as part of

Plaintiff's second car loan. *See* Ex. A, at § 1(f)(5)("UNIVERSAL FOR: SVC CONTR – Being

Financed – 1299.00"). Accordingly, pursuant to Section 8(l) of the Agreement, Plaintiff

expressly agreed that Fifth Third could make calls to the cell phone number that he provided on

his vehicle service contract that was not only made "in connection with" his loan account, but

actually financed through the Agreement between the parties. Thus, Plaintiff expressly

consented to the calls at issue, and Count II of his proposed amended complaint would be subject

to summary judgment. As a result, his motion for leave to amend his complaint to include this

new claim is futile and should be denied. *Sound of Music*, 477 F.3d at 922-23; *Bethany*, 241

F.3d at 861; *Schor*, 563 F. Supp. 2d at 904.

Even absent the express language of Section 8(l) of the Agreement, Plaintiff's actions

still would constitute prior express consent for Fifth Third to call his cell phone number under

the TCPA and its implementing rules and regulations. The TCPA prohibits initiating "any

telephone call to any residential telephone line using an artificial or prerecorded voice to deliver

a message without the prior express consent of the called party...." 47 U.S.C. § 227(b)(1)(B); 47

C.F.R. § 64.1200(a)(2). The FCC has clarified what actions constitute "prior express consent"

under the TCPA in the debt collection context. "Persons who knowingly release their phone

numbers have in effect given their invitation or permission to be called at the number which they

have given. . . ." 1992 TCPA Order, 7 FCC Rcd, 8752, 8769, par. 31 (citing House Report, 102-

317, 1st Sess., 102nd Cong. (1991) at 13 ("noting that in such instances 'the called party has in

essence requested the contact by providing the caller with their telephone number for use in

normal business communications'")). The legislative history of the TCPA provides additional

support: "The restriction on calls to emergency lines, pagers and the like does not apply when

the called party has provided the telephone number of such a line to the caller for use in normal business communications." H.R. Rep. 102-317 at 13.

Here, Plaintiff himself provided his cell phone number to Fifth Third as part of the financing transaction with Fifth Third relating to the second car loan account. Because Plaintiff gave his consent under the TCPA, his proposed new claim in Count II of his amended complaint would be subject to summary judgment and therefore is futile. The Court should deny plaintiff's motion for leave to amend the Complaint to include a new Count II.

**B.      Because Plaintiff Gave Fifth Third His Prior Express Consent to Call His Call Phone, He Cannot Possibly Represent the Putative "No Consent" Class.**

It is well-settled that a class representative must be a member of the class he is attempting to represent. *See Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *4 (N.D. Ill. Oct. 6, 2011) (an implied prerequisite of Federal Rule of Civil Procedure 23 is that "the named representative be a member of the proposed class") (citing *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977)); *Cleary v. Philip Morris USA, Inc.*, 265 F.R.D. 289, 291 (N.D. Ill. 2010) (under Rule 23, "the named representative must be a member of the proposed class"); *Schultz v. Prudential Ins. Co. of Am.*, 678 F. Supp. 2d 771, 782 (N.D. Ill. 2010) (Castillo, J.) ("To have standing as a class representative, the plaintiff must be part of the class, 'that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents.'") (citing *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998) (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974))); *see also Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347-48 & n.8 (N.D. Ill. 2009) (Castillo, J.) (holding that a named class representative cannot meet the typicality and adequacy requirements of Rule 23 where he is subject to unique defenses not shared by other putative class members).

As discussed above, Plaintiff has no individual claim against Fifth Third for allegedly calling him without obtaining his prior express consent because, in fact, Plaintiff gave Fifth Third his prior express consent by including his cell phone number on his vehicle service contract that was incorporated into and financed as part of his second loan Agreement. Because Plaintiff has no individual claim against Fifth Third under Count II of his proposed amended complaint, he cannot possibly be a class representative for the putative "no consent" class. As a result, Plaintiff's motion to add a new putative class in Count II should be denied as futile.[1]

## IV.    CONCLUSION.

Plaintiff's motion for leave to file amended class action complaint should be denied as futile to the extent that it seeks to add a new Count II alleging a putative "no consent" class. However, Fifth Third does not object to Plaintiff amending the class definition in Count I of his Complaint to allege a nationwide "oral revocation" class rather than an Illinois-only class.

---

[1] Plaintiff's proposed "no consent" class also would suffer from a lack of ascertainability for much the same reason as his "oral revocation" class cannot be certified. *See, e.g., Butler*, 2011 WL 4729789, at *4 (holding that another implied requirement for certification under Rule 23 is that "the class definition be sufficiently precise to enable a court to ascertain the identity of class members by reference to objective criteria"). But the Court need not reach that issue to resolve the pending motion for leave to amend.

Dated:  September 7, 2012

Respectfully submitted,

FIFTH THIRD BANK, N.A.

By:   s/Gary S. Caplan_____
          One of Its Attorneys

Gary S. Caplan - #6198263
Henry Pietrkowski - #6230048
Timothy R. Carraher - #6299248
Reed Smith LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-1000

*Counsel for Defendant*
*Fifth Third Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2012, the foregoing ***Defendant's Opposition To Plaintiff's Motion For Leave To Amend Class Action Complaint*** was filed electronically using the ECF system which will send notification of such filing to all parties of record in the above-captioned matter.

By: s/Gary S. Caplan

Gary S. Caplan - #6198263
Henry Pietrkowski - #6230048
Timothy R. Carraher - #6299248
Reed Smith LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-1000

*Counsel for Defendant*
*Fifth Third Bank, N.A.*