— **EXHIBIT  A** —

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement (the "Agreement" or the "Settlement") is entered into by and between Gary Hanley ("Plaintiff"), for himself and the settlement class, on the one hand, and Fifth Third Bank ("Defendant" or "Fifth Third"), on the other hand, in the action entitled *Gary Hanley v. Fifth Third Bank*, United States District Court for the Northern District of Illinois Eastern Division (the "Court"), Case No. 1:12-cv-01612 (the "Action"). Fifth Third, Settlement Class Counsel (as defined below) and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff and the Settlement Class Members (as defined below) against Fifth Third in the Action shall be settled, compromised and released upon the terms and conditions contained herein.

**I.    RECITALS**

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On March 6, 2012, Plaintiff Gary Hanley filed a Class Action Complaint seeking monetary damages and injunctive relief against Fifth Third based on its alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by allegedly placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice after Plaintiff and the putative class members had revoked consent for such calls. Plaintiff also filed his motion for class certification on March 6, 2012; Plaintiff's unopposed motion to withdraw his motion for class certification was granted on March 25, 2012. Fifth Third answered the Complaint on March 25, 2012.

B.    On August 9, 2012, Plaintiff moved for leave to amend his Complaint to add claims that Fifth Third allegedly not only autodialed class members on their cellular telephones after they had revoked consent but also autodialed class members on their cellular telephones without any prior express consent. The Court granted Plaintiff's motion on October 9, 2012,

1

Plaintiff filed his Amended Complaint on October 18, 2012, and Fifth Third filed its Answer to the Amended Complaint on October 24, 2012. The Parties engaged in written discovery, scheduled depositions, and conducted numerous Rule 37 conferences focused on the nature and extent of Fifth Third's documents, calling data, and other electronic records.

C.      Fifth Third vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. Fifth Third desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.      On or about November 2, 2012, Class Counsel and Fifth Third agreed to attend mediation with a private mediator and devote their time to matters that would advance their ability to engage in meaningful settlement negotiations. Thereafter, Class Counsel and Fifth Third agreed to request that the Court continue the discovery cut-off and other litigation deadlines.

E.      Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action. Plaintiff and Class Counsel requested, and Fifth Third produced, data and documents regarding Plaintiff's claims. Class Counsel have engaged in numerous discussions with Fifth Third's counsel regarding those claims.

F.      This Agreement resulted from and is the product of written discovery, a private mediation, numerous meetings, negotiations and two formal settlement conferences. Over the course of many months, Class Counsel and counsel for Fifth Third have engaged in extensive, good faith arm's length negotiations concerning the possible settlement of the Action, including, without limitation, by participating in a formal mediation session before the Honorable Richard Neville (Ret.) of JAMS. Fifth Third and Plaintiff submitted detailed confidential mediation briefs to Judge Neville setting forth their respective views as to the strengths of their cases. Although the case did not resolve at that mediation, the Parties made progress and continued to negotiate directly through counsel. At a March 19, 2012 settlement conference with Judge Castillo, the Parties resolved the Action, contingent on Fifth Third providing "an evidentiary

affidavit which establishes that the size of the class is the same as represented at today's settlement conference." Fifth Third provided a proposed Affidavit on April 2, 2013. Plaintiff's counsel sought additional information in the Affidavit and the Parties agreed that Fifth Third would revise the Affidavit. On May 6, 2013, Fifth Third provided a revised Affidavit which addressed Plaintiff's counsel's concerns.

G.      The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and Fifth Third agree to the Settlement, subject to approval by the Court, as follows:

II.    **DEFINITIONS**

A.      In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.      "Amended Complaint" means the Amended Complaint filed on October 18, 2012, incorporating all claims which are the subject of the Settlement.

2.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

3.      "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.F of this Agreement.

4.      "Claim Form" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Section III.F.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit A.

5.     "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement.  The last day of the Claim Period will be 120 days following entry of the Preliminary Approval Order.

6.     "Claims Administrator" means Rust Consulting, subject to approval by the Court.

7.     "Class Counsel" means Burke Law Offices, LLC and Terrell Marshall Daudt & Willie PLLC.

8.     "Class Notice" means all types of notice that will be provided to the Settlement Class, pursuant to Section III.E of this Agreement, including Mail Notice, Publication Notice, and Website Notice, as well as any additional notice that might be ordered by the Court.

9.     "Class Period" means the period from March 6, 2008 through, and including, the date of Preliminary Approval (defined below).

10.    "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

11.    "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.F.3 of this Agreement.

12.    "Fifth Third's Counsel" means Reed Smith LLP.

13.    "Effective Date" means the fifth business day after the last of the following dates:

a.     All Parties, Fifth Third's Counsel and Class Counsel have executed this Agreement;

b.     The Court has entered, without material change, the Final Approval Order; and

c.     The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

14.     "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the incentive awards to Plaintiff.

15.     "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit B.  Among other things, the Final Approval Order shall dismiss all claims in the Action with prejudice.

16.      "Fund" means the total cash sum of four million five hundred thousand dollars ($4,500,000) to be paid pursuant to Section III.C of this Agreement.

17.      "Mail Notice" means the notice that will be made available pursuant to Section III.E.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

18.     "Notice" or "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement and includes the Mail Notice, Publication Notice and Website Notice.  A complete description of the contemplated Notice Program is provided in Section III.E of this Agreement.

19.      "Parties" means Plaintiff and Fifth Third.

20.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form jointly agreed upon by the Parties.

21.     "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as Exhibit D.

22.     "Publication Notice" means the summary notice of the Settlement that will be published pursuant to Section III.E.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit E.

5

23.     "Released Claims" means all claims to be released as set forth in Section III.M of this Agreement.  The "Releases" means all of the releases contained in Section III.M of this Agreement.

24.     "Released Parties" means those persons and entities released as set forth in Section III.M of this Agreement.

25.     "Releasing Parties" means Plaintiff and each and every Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors and predecessors-in-interest, as set forth in Section III.M of this Agreement.

26.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

27.     "Settlement Award" means the Cash Award that may be payable to Settlement Class Members pursuant to Section III.F of this Agreement.

28.     "Settlement Class" means all persons to whom, on or after March 6, 2008 through the date of Preliminary Approval, Fifth Third or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

29.     "Settlement Class Member" means any person in the Settlement Class who does not opt out of the Settlement.

30.     "Settlement Costs" means (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive awards to Plaintiff approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, Mail Notice, Publication Notice and Website Notice and any

additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments and Claim Forms and the cost of maintaining a designated post office box for receiving Claim Forms; and (v) the fees, expenses and all other costs of the Claims Administrator.

31.     "Website Notice" means the detailed notice of the Settlement that will be available on the internet, subject to approval by the Court, substantially in the form attached hereto as Exhibit F.

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.     TERMS OF SETTLEMENT

A.     Conditional Certification of the Settlement Class.   Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class.   Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is Fifth Third precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Action or in any other action.  No agreements made by or entered into by Fifth Third in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

B.     Preliminary Approval:  On or before June 6, 2013, Plaintiff will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally

certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set a date forty-five (45) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (f) approve the Claim Form and the claims process described herein; (g) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (i) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

C.    The Settlement Fund.  As full and complete consideration for the Settlement, Fifth Third will pay the total cash sum of $4,500,000 (the "Settlement Amount") in full and complete settlement of all claims of Plaintiff and the Settlement Class Members described herein.  The Fund shall include all Settlement Awards to claiming Settlement Class Members, as discussed in Section III.F below, any c*y pres* Distribution, and the Settlement Costs.  The Fund shall be reduced by the Settlement Costs prior to making any Settlement Awards to Settlement Class Members.  Fifth Third shall establish the Fund as follows:  (1) Fifth Third shall, within five (5) business days of entry of Preliminary Approval, advance to the Claims Administrator and/or

Notice Provider the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Amount; and (2) Fifth Third shall deposit the balance of the Settlement Amount with a financial institution approved by the Claims Administrator (which may include Fifth Third, so long as the Claims Administrator is provided with a proper agreement or receives such other assurance as the Claims Administrator requires) within five (5) business days following the Effective Date. All funds held by the Claims Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed pursuant to this Agreement or further order of the Court. For the purpose of this Section, references to the Fund shall include both the portion of the Settlement Amount deposited into escrow and any earnings thereon.

In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Fund in accordance with this Agreement, shall be refunded to Fifth Third.

D.     Claims Administrator. The Claims Administrator shall administer the Settlement distribution process. Fifth Third will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names and mailing addresses for persons in the Settlement Class (as reflected in reasonably available computerized account records) to the extent required to administer the Settlement.

E.     Settlement Class Notice. The Claims Administrator shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Deadline.

1.     Mail Notice. The Claims Administrator will provide individual notice via direct mail, to the most recent mailing address as reflected in Fifth Third's reasonably available computerized account records, for those persons that the Parties, using their best efforts, could reasonably determine might be members of the Settlement Class (the "Mail Notice"). This group of persons is estimated by Fifth Third, after reasonable investigation, to number approximately

200,000.  Skip tracing shall be performed for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund.  The Mail Notice shall direct recipients to the Website Notice website.

2.    Publication Notice.  In addition to the direct mail notice set forth above, the claims administrator shall also provide for publication notice for all Class Members for whom Fifth Third does not possess contact information. Publication Notice shall include: (1) Internet banners on websites specifically targeted to reach cellular telephone users and (2) publication in regional newspapers targeted to Fifth Third customers.  The Publication Notice shall refer Settlement Class Members to the website, set forth below, and provide a toll-free number for the Claim Form and details regarding the Settlement.

3.    Website Notice.  The Claims Administrator will establish and maintain the Website Notice website.  The Website Notice website will be established by the Claims Administrator dedicated to the Settlement on which will be posted the Mail Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Website Notice, and any other materials the Parties agree to include.  The Website Notice website shall also provide for online submission of Claim Forms.  These documents shall be available on the Website Notice website no later than the Notice Deadline and remain at least until Final Approval.  The Claims Administrator shall secure a URL for the Website Notice website selected by Class Counsel and approved by Fifth Third.  The Website Notice website shall not include any advertising, and shall not bear or include Fifth Third's logo or trademarks.  Ownership of the Website Notice website URL shall be transferred to Fifth Third within 10 days of the date on which operation of the Website Notice website ceases.

4.    CAFA Notice.  Fifth Third shall be responsible for timely compliance with all CAFA notice requirements.

F.    Settlement Awards.

1.    Awards.  Settlement Class Members shall be entitled to make a claim upon the Fund for a Settlement Award.  Settlement Awards shall be made to eligible Settlement

Class Members on a claims-made basis, subject to a maximum cap of $10,000 per claimant. Settlement Awards will be made on a *pro rata* basis from those amounts remaining after deducting the Settlement Costs from the Fund.

        2.      <u>Conditions For Claiming Settlement Awards</u>.  To make a claim for a Settlement Award, Settlement Class Members must submit a valid and timely Claim Form in the form attached hereto as <u>Exhibit A</u>.  Fifth Third reserves the right, but not the obligation, to challenge a claim by submitting written objection to the Claims Administrator, with notice to Plaintiff's counsel and the Settlement Class Member making the claim.  The Claims Administrator shall have full and final authority to determine the validity of all claims. There shall be permitted only one claim per telephone number.

        3.      <u>Distribution of Settlement Awards</u>.  Settlement Awards shall be mailed by the Claims Administrator within 30 days after the Effective Date.  The Claims Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member receiving a Settlement Award.  The Claims Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs and deducted from the Fund.  Checks will be valid for 120 days from the date on the check.  Settlement checks that remain un-cashed more than 120 days after the date on the check shall be distributed *cy pres* in equal parts to (i) the Coordinated Advice and Referral Program for Legal Services (CARPLS), a non-profit organization that provides pro bono legal services, and (ii) the Lawyers' Committee for Civil Rights Under Law (the "*cy pres* Distribution").  The *cy pres* Distribution shall be made within 150 days of the mailing (or re-mailing) of the last Settlement Check.

     G.      <u>Incentive Awards</u>.  Fifth Third will not object to an incentive award to Plaintiff so long as it does not exceed $25,000, to be paid out of the Fund, subject to Court approval.  Any incentive award shall be paid at the time the attorneys' fees and costs payments to Class Counsel are due.  Court approval of the incentive awards, or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

     H.      <u>Attorneys' Fees And Costs</u>.  Plaintiff shall move the Court for an award of

attorneys' fees and costs to be paid to Class Counsel from the Fund. Fifth Third shall not object to such a motion as to fees so long as the amount requested is not more than 33% of the Fund, and so long as costs do not exceed Class Counsel's actual, documented out-of-pocket expenditures. Class Counsel may receive payment of the fees and costs awarded by the Court out of the Fund within five business days after the Effective Date. Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

        I.      <u>Opt-Out Right/Termination</u>.

        1.      <u>Opt-Out Requirements</u>. Settlement Class Members may opt out of the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the Settlement Class Member for whose account(s) exclusion is requested; (ii) include the full name, address, cell phone number that was called, and account number(s), of the Settlement Class Member requesting exclusion (except that persons in the Settlement Class who do not have and have not had some lending or servicing relationship with Fifth Third shall not be required to include an account number); and (iii) include the following statement: "I/we request to be excluded from the settlement in the <u>Hanley</u> action." No request for exclusion will be valid unless all of the information described above is included. For any Settlement Class Member who has more than one account, the exclusion request shall include all accounts. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class. In its sole discretion and at its sole option, Fifth Third reserves the right, but not the obligation, to terminate this Settlement Agreement if the total number of opt-outs exceeds 1,500 Settlement Class Members.

        2.      <u>Retention of Exclusions</u>. The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and

use it only for purposes of determining whether a Settlement Class Member has properly opted out.

        J.      <u>Objections To The Settlement</u>.

        1.      <u>Right To Object</u>.  Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class Member has first submitted a written objection in accordance with the requirements set forth in Section III.J.2 below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section III.J shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorney fees and/or service awards.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, must file and serve on all Parties a Notice of Intention to Appear with the Court.

        2.      <u>Objection Requirements</u>.  To be heard at the hearing, the Settlement Class Member must make any objection in writing and mail it to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Beth E. Terrell, TERRELL MARSHALL DAUDT & WILLIE PLLC, 936 North 34th Street, Suite 400, Seattle, Washington 98103-8869; and (ii) Fifth Third's Counsel - Gary S. Caplan, REED SMITH LLP, 10 South Wacker Drive, 40th Floor, Chicago, Illinois  60606.  The written objection must (a) contain information sufficient to allow the Settling Parties to confirm that the objector is a member of the Settlement Class; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for such objections, as well as identify any documents which such objector desires the Court to consider.  Only those specific objections, grounds and documents that comply with the requirements in this paragraph may be presented to the Court.

        K.      <u>Final Approval</u>.  Following provision of the Notice Program and expiration of the

Opt-Out and Objection Period, Plaintiff shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court's retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

L.     <u>Dismissal</u>.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiff and all Settlement Class Members.

M.     <u>Releases</u>.   Plaintiff and the Settlement Class Members provide the following releases:

> Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors and predecessors-in-interest, will be deemed to have fully released and forever discharged Fifth Third Bank and its respective predecessors, successors, parents, subsidiaries, divisions, assigns and affiliates, and each of their respective past or present officers, directors, employees, attorneys, shareholders, managers, members, principals, agents, accountants, auditors, advisors, consultants, insurers, vendors, contractors and any other person or entity acting on their behalf (together, the "Released Parties") from any and all claims, actions, causes of action or liabilities as of the date of the Final Approval Order that claim improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to a cellular telephone by or on behalf of Fifth Third in connection with efforts to contact or

                         attempt to contact Settlement Class Members (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

        N.     <u>Stay/Bar Of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the

Settlement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

        O.    <u>No Admissions</u>. Fifth Third expressly disclaims and denies any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Fifth Third of any liability or wrongdoing by Fifth Third or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Fifth Third; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Fifth Third in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed a waiver of Fifth Third's right to challenge class certification if this Settlement for any reason does not become Final; or (iv) is or may be deemed to be a waiver of Fifth Third's right to seek to enforce any arbitration provision in other cases or against Settlement Class Members who opt out of the Settlement.

        P.    <u>Notices</u>. Unless otherwise indicated herein, all notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

As to Plaintiff and the Settlement Class:

Alexander H. Burke
Email:  aburke@burkelawllc.com
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601

Beth E. Terrell
Email:  bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869

As to Fifth Third:

Gary S. Caplan
Email:  gcaplan@ReedSmith.com
Timothy R. Carraher
Email:  tcarraher@ReedSmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606

## IV.    **GENERAL PROVISIONS**

A.    <u>Settlement Conditioned Upon Approval</u>.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will use reasonable efforts to negotiate in good faith in an attempt to obtain such approval, including but not limited to further mediation.  If such reasonable efforts are not successful, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into and the Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Actions or for any other purpose.

B.     <u>Evidentiary Preclusion</u>.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Fifth Third's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, Fifth Third's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.     <u>Time Periods</u>.     The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the Parties.

D.     <u>No Construction Against Drafter</u>.     This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

E.     <u>Entire Agreement</u>.     This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest and their respective counsel, and approved by the Court.

F.      Governing Law.  The Agreement is governed by the laws of the State of Illinois, without reference to internal choice of law principles.

G.      Authority.  Plaintiff and Fifth Third represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff and Fifth Third to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

H.      Receipt of Advice of Counsel.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained in Section III.M above, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

I.      Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

J.      Execution In Counterparts.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Facsimile or pdf signatures shall be deemed as valid and binding as an original signature on this Agreement.

K.      Miscellaneous Provisions.

        1.      Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

        2.      The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

19

3.      Each party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

4.      This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each party executing it.

5.      No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of June 6, 2013:

FIFTH THIRD BANK

By: _____

Its: _Assistant General Counsel, Senior Vice President_


By: _____
     Gary Hanley, Plaintiff


BURKE LAW OFFICES, LLC

By: _____
     Alexander H. Burke, Class Counsel


20

        3.     Each party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

        4.     This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each party executing it.

        5.     No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

        6.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

        IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of June 6, 2013:

FIFTH THIRD BANK

By: _____

Its: _____

By: _____
    Gary Hanley, Plaintiff

BURKE LAW OFFICES, LLC
By: _____
    Alexander H. Burke, Class Counsel

20

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

By: _____
    Beth E. Terrell, Class Counsel

**APPROVED AS TO FORM:**

REED SMITH LLP

By: _____
    Gary S. Caplan
    Henry Pietrkowski
    Timothy R. Carraher

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

By: _____
      Beth E. Terrell, Class Counsel

**APPROVED AS TO FORM:**

REED SMITH LLP

By: _____
      Gary S. Caplan
      Henry Pietrkowski
      Timothy R. Carraher

# EXHIBIT A

# FIFTH THIRD SETTLEMENT CLAIM FORM

**Your Information**

1. Your name:

_____

2. Address:

_____

__

    City: _____ State: _____ Zip Code:

_____

3. Contact telephone number: _____ Email:

_____

4. Cell phone number at which you received phone call(s) from Fifth Third without consent:

_____

**CERTIFICATION**

By submitting this claim form, I certify under oath that the information I have provided above is true and correct. I also certify that on or after March 6, 2008, I received one or more telephone calls from Fifth Third to my cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice without my consent. I understand under the Settlement Agreement I am forever releasing and waiving any right to seek compensation or make any claim regarding such telephone calls to my cellular telephone. I also certify that the information supplied herein is true and correct according to the best of my personal knowledge and belief.

_____    _____
           Date                                   Signature

**Return the Claim Form**

FIFTH THIRD SETTLEMENT ADMINISTRATOR
[INSERT ADDRESS]

Your mailed claim form must be postmarked **on or before** _____.

**- or -**

Instead of mailing the Claim Form, complete a Claim Form via the Internet at **www._____**.
Internet Claim Forms must be submitted **on or before** _____.

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS.  ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.

QUESTIONS?  A COPY OF THE CLASS NOTICE, SETTLEMENT AGREEMENT AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE AT THE CLAIMS ADMINISTRATOR'S WEBSITE AT WWW.URL.COM.  YOU CAN ALSO CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT PHONE NUMBER.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY HANLEY, on behalf of himself and
others similarly situated,

                    Plaintiff,

    v.

FIFTH THIRD BANK,

                    Defendant.

NO. 1:12-CV-1612

Honorable Ruben Castillo

Magistrate Judge Maria Valdez

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court having held a Final Approval Hearing on _____, notice of

the Final Approval Hearing having been duly given in accordance with this Court's Order

(1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action

Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary

Approval Order"), and having considered all matters submitted to it at the Final Approval

Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and

good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated _____, including its exhibits (the

"Settlement Agreement"), and the definition of words and terms contained therein are

incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order

are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Actions and over the

Parties, including all members of the following Settlement Class certified for settlement purposes

in this Court's Preliminary Approval Order:

        SETTLEMENT CLASS: All persons to whom, on or after March
        6, 2008 through the date of Preliminary Approval, Fifth Third or

26

any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

3.  The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Plaintiff, Class Counsel and Fifth Third Bank.

4.  The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.E of the Settlement Agreement, that the Publication Notice was published in accordance with the terms set forth in the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.  The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Sections III.E – F of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6.  This Court hereby finds and concludes that the notice provided by Fifth Third Bank to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.  The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the

Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8.       This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

9.       Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

10.       Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11.       The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Fifth Third Bank, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the

28

terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

12.     If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Actions, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

13.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Fifth Third Bank as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14.     The Court approves Class Counsel's application for $_____ in attorneys' fees and costs, and for a service award to the Settlement Class representative in the amount of $_____.

15.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Order on the docket forthwith.

      IT IS SO ORDERED.


Dated: _____       _____

                                              Ruben Castillo

                                              United States District Court Judge

# EXHIBIT C

**If you were contacted by Fifth Third Bank on your cell phone without your consent by automated/prerecorded calls, you could get money from a class action Settlement. This Court-Authorized Notice describes your rights and gives information about the proposed Settlement.**

The case is known as *Hanley v. Fifth Third Bank*, Case No. 1:12-cv-01612
(United States District Court for the Northern District of Illinois Eastern Division)

### WHO IS A CLASS MEMBER?

You may be a member of the Settlement Class if anytime on or after March 6, 2008 through [the date of Preliminary Approval], Fifth Third Bank ("Fifth Third") or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to your cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice without your consent or after you had revoked consent for such calls. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

### TERMS OF THE SETTLEMENT

Fifth Third will pay $4,500,000 (the "Settlement Amount") into a Settlement Fund (the "Fund") in full and complete settlement and release of all claims of Plaintiff and the Settlement Class Members, as described in the Settlement Agreement. The Fund shall include all Settlement Awards to claiming Settlement Class Members, an attorneys' fee award to be decided by the Court, any incentive award to be determined by the Court, any *cy pres* distribution to charity, and the costs for Notice and Claims Administration. In order to receive a cash award from the Settlement Fund, Settlement Class Members must submit a claim form. Settlement Awards will be distributed to Settlement Class Members on a claims-made basis. Settlement Awards will be made on a *pro rata* basis from the amount of the Fund remaining after deducting the Settlement Costs from the Fund.

### YOUR RIGHTS AND OPTIONS (INCLUDING DEADLINES)

In order to receive a Settlement Award from the Fund, Settlement Class Members must file a valid and timely claim form (attached). The claim form also can be downloaded from the settlement website _____, or obtained from the Claims Administrator by calling them toll-free at _____. You can submit your claim online at the settlement website or you can mail your form to the Claims Administrator at _____. If you have any questions about filing a claim form, contact the Claims Administrator at _____. **The deadline to file a claim is [120 days from Preliminary Approval].**

If you do **NOT** want to participate in the Settlement, you may exclude yourself from the Settlement by submitting a written request postmarked by [forty-five (45) days after the Notice Deadline]. If you do not exclude yourself, you will be bound by the terms of the Settlement and give up your right to sue regarding the settled claims.

If you are a Settlement Class Member, and have not excluded yourself from the Settlement, you can object to the Settlement including Class Counsel's fee request. Written objections must be sent to Counsel postmarked by forty-five (45) days after the Notice Deadline]. Address information for both are

available on the Settlement Website.  Class Counsel is requesting fees of _____.  Anyone who objects to the Settlement may ask to appear at the Final Approval Hearing.

**The Court has set the Final Approval Hearing for** <mark>[No earlier than 30 days after Objection/Opt Out deadline]</mark> at the U.S. District Court for the Northern District of Illinois Eastern Division located at 219 South Dearborn Street, Chicago, IL 60604.

**<u>This notice is only a summary</u>.  Complete details about your rights and options are available on the Settlement website or by contacting the Claims Administrator. Do not call the Court.**

33

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY HANLEY, on behalf of himself and
others similarly situated,

                 Plaintiff,

    v.

FIFTH THIRD BANK,

                Defendant.

NO. 1:12-CV-1612

**[PROPOSED] ORDER
CERTIFYING PROVISIONAL
SETTLEMENT CLASS,
PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT
AND PROVIDING FOR NOTICE
TO THE SETTLEMENT CLASS**

Honorable Ruben Castillo

WHEREAS, a putative class action is pending in this Court entitled *Hanley v. Fifth Third Bank*, Case No. 1:12-CV-1612 (the "Action");

WHEREAS, the Parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

1.      Preliminary Approval Of Proposed Settlement.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.      Class Certification For Settlement Purposes Only.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons to whom, on or after March 6, 2008 through the date of Preliminary Approval, Fifth Third or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

1.      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

2.      There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

3.      Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

4.      Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

5.      For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

6.      For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

3.      Class Representatives.  Plaintiff is designated as class representative for the Settlement Class.

4.      Class Counsel.  The Court appoints Burke Law Offices LLP and Terrell Marshall Daudt & Willie PLLC as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

5.      Settlement Hearing.  A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Ruben Castillo on _____ as set forth in the notice to the Settlement Class (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court

37

according to the schedule set forth in Paragraph 11 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6. <u>Class Notice</u>. Class Notice shall be sent within thirty (30) days following entry of this Order.

1. <u>Mail Notice</u>. The Claims Administrator will provide individual Mail Notice to the approximately 200,000 persons in the Settlement Class for whom Fifth Third possesses a mailing address. Mail Notice will be sent via direct mail to the most recent mailing address as reflected in reasonably available computerized account records of Fifth Third or its affiliates. Skip tracing shall be performed by the Claims Administrator for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund.

2. <u>Publication Notice</u>. The Claims Administrator will publish a notice of the Settlement in several regional newspapers, as well as targeted internet advertisements/impressions.

3. <u>Website Notice</u>. The Claims Administrator will establish and maintain a website using a domain name dedicated to the Settlement on which will be posted the Mail Notice, Claim Form, and other settlement-related documents. The Mail Notice and Publication Notice shall direct recipients to the location of the Website Notice. The website shall also provide for online submission of Claim Forms. The Settlement web page will be established no later than the Notice Deadline and shall remain active at least until the date of the Final Approval Hearing and through the end of the Claim Period.

7. <u>Findings Concerning Class Notice</u>. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The

Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the Notices in substantially the same form as those attached as Exhibits C, E, and F to the Settlement Agreement.

8.  <u>Administration</u>. The Claim Form and the claims submission process described in the Agreement are hereby approved. In addition, the Court confirms that it is appropriate for Fifth Third to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses and account information.

9.  <u>Exclusion from the Settlement Class</u>.

1.  Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within forty-five (45) days after the Notice Deadline. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

2.  Exclusion requests must: (i) be signed; (ii) include the full name, address and account number(s) of the person(s) requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the class settlement in *Hanley v. Fifth Third Bank*, Case No. 1:12-CV-1612." No request for exclusion will be valid unless all of the information described above is included. For any person in the Settlement Class who has more than one account, the exclusion request must specify each separate account. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

3.  The Claims Administrator will retain a copy of all requests for exclusion. Not later than _____, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

10.     Objections And Appearances.

1.      Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiff.

2.      In order to be heard at the hearing, the person must make any objection in writing and mail it to counsel for the Parties not later than forty-five (45) days after mailing of the class notice.  Any objections that are not timely filed and mailed shall be forever barred.

3.      In order to be heard at the hearing, the person also must file with the Court and serve on all Parties a Notice of Intention to Appear with the Court.

11.     Further Papers In Support Of Settlement And Fee Application.  The deadline to respond to objections shall be ten (10) days following the Objection/Exclusion deadline.  The deadline to file any reply papers shall be twenty (20) days following the Objection/Exclusion deadline.

12.     Effect of Failure to Approve the Agreement.  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Fifth Third for the matters alleged in the Actions or for any other purpose;

(c)      Nothing contained in this Order is, or may be construed as, any admission or concession by or against Fifth Third or Plaintiff on any point of fact or law.

13.     <u>Stay/Bar Of Other Proceedings</u>.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____, 2013.


_____

Ruben Castillo

# EXHIBIT E

**TO ALL PERSONS IN THE UNITED STATES TO WHOM FIFTH THIRD BANK PLACED A NON-EMERGENCY TELEPHONE CALL TO THEIR CELLULAR TELEPHONES THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE WITHOUT THEIR CONSENT ON OR AFTER MARCH 6, 2008 THROUGH [DATE OF PRELIMINARY APPROVAL OF SETTLEMENT]**

**Read This Notice Carefully.**

**You Could Receive Benefits from this Class Action Settlement**

A settlement has been proposed in a class action lawsuit relating to calls allegedly made by Fifth Third to cellular telephones through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.  This notice is only a summary.

**Description of Litigation**.  Plaintiff claims that Fifth Third violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by placing calls on or after March 6, 2008 to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the consent of Plaintiff and the potential class members. Fifth Third denies these allegations and denies any claim of wrongdoing.  The Court has not ruled on the merits of Plaintiff's claims or Fifth Third's defenses.

**Settlement**.  Class Counsel and Plaintiff have concluded, after due investigation and carefully considering the relevant circumstances and applicable law, that it would be in the best interest of the Settlement Class to enter into a settlement agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected in the settlement agreement are obtained for the Class.  Plaintiff and Fifth Third have negotiated a settlement agreement which they believe will, if approved by the Court, benefit Settlement Class Members.

**Who Is Included?**  The Settlement Class includes all persons to whom, on or after March 6, 2008 through the date of Preliminary Approval, Fifth Third or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

**Settlement Payments**.  Fifth Third has agreed to establish a settlement fund of $4.5 million.  The settlement fund will be used to make payments to Plaintiff and Settlement Class Members; to pay for notice and settlement administration; and to pay Class Counsel's attorneys' fees and costs.

The settlement fund will be used first to pay for notice and settlement administration costs, and then (subject to Court approval) to pay up to $1,500,000 in attorneys' fees and costs and $25,000 to the named Plaintiff for his services in the case.  The balance of the settlement fund will be paid to Settlement Class Members who file a claim.  If the settlement is approved, estimated claims payments will be between $200 and $300 with a cap of $10,000.  Settlement

Class Members may claim one settlement award.  If there is any money left after all claims are paid, it will be paid to charity.

      How Do I Make a Claim?  Claim Forms are available at www.FifthThirdTCPASettlement.com or by calling 1-800-000-0000 toll free.  You must complete and mail the Claim Form by _____ in order to receive a settlement payment.

      **Other Options**.  If you don't want to be legally bound by the settlement, you must request exclusion by [DATE], or you will not be able to independently sue about the legal claims in this case.  If you request exclusion, you will not get money from this Settlement.  If you do not request exclusion from the Settlement, you may nevertheless object to it by explaining in writing why you do not like the Settlement by [DATE].  If you remain a member of the Settlement Class, you will be bound by any judgment entered whether or not it is favorable to the Settlement Class.  You can find more information about these options at www.FifthThirdTCPASettlement.com or by calling 1-800-000-0000 toll free.

      The Court will hold a Fairness Hearing in this case (*Hanley v. Fifth Third Bank*) at 9:00 AM on [Tuesday], Month 00, 0000, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, in courtroom 2141.  You may ask the Court for permission to speak at the Fairness Hearing, but only in connection with an objection that you have timely submitted to the Court.  To speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear in *Hanley v. Fifth Third Bank*."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than Month 00, 0000.  You cannot speak at the hearing if you excluded yourself from the Settlement Class.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT.  DO NOT CONTACT FIFTH THIRD ABOUT THE SETTLEMENT.  TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

# If you received any automated calls on your cell phone from or on behalf of Fifth Third Bank, but did not consent to such call(s), you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A settlement will provide $4,500,000 to fully settle and release claims of all persons who were called on their cell phones by or on behalf of Fifth Third Bank through use of an autodialer or prerecorded message but who did not consent to receive such calls (the "Fund").**

- **The Fund shall include all Settlement Awards to claiming Settlement Class Members, an attorneys' fee award to be decided by the Court, any incentive award to be determined by the Court, any *cy pres* distribution to charity, and the costs for Notice and Claims Administration.**

- **The settlement resolves a lawsuit over whether such calls to cellular telephones violates the federal Telephone Consumer Protection Act, which prohibits calls made using an automatic telephone dialing system to cell phones, unless the caller has the recipient's "prior express consent."**

- **Court-appointed lawyers for the Class will ask the Court for up to $1,500,000.00 of the Fund as fees, plus expenses for investigating the facts, litigating the case, and negotiating the settlement.**

- **The two sides disagree on whether Plaintiff and the Class could have properly prevailed at trial.**

- **Your legal rights are affected whether you act, or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Fifth Third about the legal claims in this case. |

46

| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**BASIC INFORMATION** ......................................................... **PAGE 3**
1. Why did I get this Notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ................................................. **PAGE 4**
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ................................. **PAGE 4**
8. What does the settlement provide?
9. How much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ................... **PAGE 5**
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................. **PAGE 6**
13. How do I get out of the settlement?
14. If I don't exclude myself, can I sue Fifth Third for the same thing later?
15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** .......................................... **PAGE 7**
16. Do I have a lawyer in the case?
17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ........................................... **PAGE 7**
18. How do I tell the Court that I don't like the settlement?
19. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** .......................................... **PAGE 8**

20. When and where will the Court decide whether to approve the settlement?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

**IF YOU DO NOTHING**..............................................................    **PAGE 9**

23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**............................................    **PAGE 9**

24. Are there more details about the settlement?
25. How do I get more information?

**UNDERSTANDING YOUR PAYMENT** ....................................    **PAGE 10**

# Basic Information

| 1. Why did I get directed to this website? |
|---|

You may have received a postcard notice in the mail because Fifth Third's records indicate that it called a cellular telephone number that is or was associated with you, using an automatic telephone dialing system. Even if you did not receive a postcard notice, you may still be a member of the Settlement Class if you meet the criteria set forth in Question 5 below.

| 2. What is this lawsuit about? |
|---|

On behalf of himself and a Class of similarly situated people, Plaintiff Gary Hanley alleges that Fifth Third Bank made collection calls using an autodialer and prerecorded messages, without first obtaining consent to do so or after such consent was revoked. The lawsuit alleges that Fifth Third thereby violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), as to any such calls that were made to cellular telephones. The TCPA prohibits the placement of autodialed calls to numbers assigned to cell phones without the called party's prior express consent.

| 3. Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case Gary Hanley) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Here, the Court has certified a class action for settlement purposes only. U.S. District Judge Ruben Castillo is in charge of this class action.

| 4. Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have won $500 per illegal call if he won at trial. The Defendant thinks the Plaintiff would not have

48

won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. How do I know if I am a part of the settlement? |
|---|

Judge Castillo decided that everyone who fits this description is a Class Member:

> All persons to whom, on or after March 6, 2008 through the date of Preliminary Approval, Fifth Third or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

There are approximately 200,000 persons or entities in the class, and postcard notices were sent to the best address we could find for each phone number called.

| 6. Are there exceptions to being included? |
|---|

You are not a Class Member if your landline, rather than your cell phone, was called or if you *did* expressly consent to receiving autodialed calls from Fifth Third Bank on your cell phone.

| 7. I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000 or visit www.FifthThirdTCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. What does the settlement provide? |
|---|

49

Defendant has agreed to create a settlement fund of $4,500,000 to be divided among all Class Members who send in a valid claim form, after fees, costs, and other expenses have been deducted.

| 8. How much will my payment be? |
|---|

Your share of the Fund will depend on the number of valid claim forms that Class Members sent in. Class counsel estimates that you will receive between $200 and $300.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. How can I get a payment? |
|---|

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice, and was also mailed to Class Members in the form of an abbreviated postcard notice. You may also get a claim form on the internet at www.FifthThirdTCPASettlement.com. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than <u>Month 00, 0000</u>.

| 11. When would I get my payment? |
|---|

The Court will hold a hearing on <u>Month 00, 0000</u> to decide whether to approve the settlement. If Judge Castillo approves the settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

| 12. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Fifth Third Bank or related companies, or companies that were involved in making calls on Fifth Third's behalf, about improperly autodialed or prerecorded message calls to cell phones. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you will agree to release Fifth Third Bank and its respective predecessors, successors, parents, subsidiaries, divisions, assigns and affiliates, and each of their respective past or present officers, directors, employees, attorneys, shareholders, managers, members, principals, agents, accountants, auditors, advisors, consultants, insurers, vendors, contractors and any other person or entity acting on their behalf (together, the "Released Parties") from any and all claims, actions, causes of action or liabilities as of the date of the Final Approval Order that claim improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to a cellular telephone by or on behalf of Fifth Third in connection with efforts to contact or attempt to contact Settlement Class Members (the "Released Claims").

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Fifth Third Bank or related entities that called you about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the *Hanley v. Fifth Third Bank* settlement. Be sure to include your name, address, telephone number, email and your signature. You must mail your exclusion request postmarked no later than <u>Month 00, 0000</u> to the following address:

> Class Administrator
> PO Box x
> Chicago, IL 60601

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Fifth Third Bank in the future.

### 14. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Fifth Third Bank, related entities and companies involved in making calls for the claims that this settlement resolves. If you have a pending lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is <u>Month 00, 0000</u>.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Fifth Third.

## THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court asked the law firms Burke Law Offices, LLC in Chicago, Illinois and Terrell Marshall Daudt & Willie PLLC, in Seattle, Washington to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $1,500,000 to them for attorneys' fees.  Class Counsel also will ask the Court to approve payment for their out-of-pocket expenses and payment of $25,000 to Gary Hanley for his services as Class Representative.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  Defendant has agreed not to oppose these fees and expenses.  The cost of notice and administration, attorneys' fees and costs and service award are deducted from the Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 18. How do I tell the Court if I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to *Hanley v. Fifth Third Bank*. Be sure to include your name, address, telephone number, email address, your signature, and the reasons you object to the settlement.  Mail the objection to these different places postmarked no later than <u>Month 00, 0000</u>:

| | |
|---|---|
| Gary S. Caplan<br>REED SMITH LLP<br>10 South Wacker Drive, 40th Floor<br>Chicago, Illinois  60606 | Beth E. Terrell,<br>TERRELL MARSHALL DAUDT &<br>WILLIE PLLC<br>936 North 34th Street, Suite 400<br>Seattle, Washington  98103-8869 |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at <u>9:00 AM on [Tuesday], Month 00, 0000</u>, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, in courtroom 2141. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Castillo will listen to people who have asked to speak at the hearing and who have complied with the requirements for submitting objections set forth in Question 18 above. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Castillo may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 18 above. To speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear in *Hanley v. Fifth Third Bank*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than Month 00, 0000, and be sent to both addresses in question 18. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Fifth Third Bank about the legal issues released in this case.

# GETTING MORE INFORMATION

## 24. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave. Suite 9020, Chicago, IL 60601, or Beth E. Terrell, Terrell Marshall Daudt & Willie PLLC, 936 North 34th Street, Suite 400, Seattle, Washington 98103-8869 or by visiting the following website: www.FifthThirdTCPASettlement.com.

## 25. How do I get more information?

You can call 1-800-000-0000 toll free; write to XYZ Settlement, P.O. Box 0000, City ST 00000-0000; or visit the website at www.FifthThirdTCPASettlement.com, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: <u>MONTH 00, 0000</u>.