IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION

| | |
|---|---|
| GARY HANLEY, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br>   v.<br>FIFTH THIRD BANK,<br>                Defendant. | NO. 1:12-CV-1612<br><br>Honorable Rubin Castillo<br><br>Magistrate Judge Maria Valdez |

## DECLARATION OF BETH E. TERRELL

I, Beth E. Terrell, declare as follows:

1. I am a member of the law firm of Terrell Marshall Daudt & Willie PLLC ("TMDW"), counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the States of Washington and California. I respectfully submit this declaration in support of final approval and Plaintiff's motion for attorneys' fees, expenses, and incentive award. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. TMDW is a law firm in Seattle, Washington that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product liability, employment, real estate, and personal injury matters. The attorneys of TMDW have extensive experience in class actions, collective actions, and other complex matters. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have prosecuted and defended a variety of multi-million-dollar disputes involving consumer fraud, securities fraud, product defect, and anti-trust issues. The defendants in these cases have

included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Sallie Mae, Comcast, ABM Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, and American Cemwood.

3.  A founding member of TMDW, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, anti-trust, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice. I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMD in May 2008, I was a member of Tousley Brain Stephens PLLC.

4.  Kimberlee L. Gunning is a member of TMDW. Ms. Gunning received her B.A., magna cum laude and Phi Beta Kappa, from Macalester College in 1991, an M.A. from Rutgers, The State University of New Jersey, in 1998 and graduated from the University of Washington School of Law in 2004. Before joining the firm, Ms. Gunning had a solo practice focused on consumer class actions, employment law and appeals in all areas of civil and administrative law and was also an associate at Tousley Brain Stephens for four years. Ms. Gunning has extensive experience in complex civil litigation and has represented plaintiffs in several consumer class actions, including *Spafford v. EchoStar*; *Seraphin v. SBC Internet Services*, *Hartman v. Comcast*; *Boucher v. First American Title*; *Vernon v. Qwest*, *Grosvenor v. Qwest*, and *Godoy v. AT&T Wireless*.

5.  TMDW is currently litigating or has recently settled the following cases involving unlawful "robo-calling" schemes:

- *Chesbro v. Best Buy*, filed on behalf of consumers who received automated, pre-recorded solicitation phone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.;

- *Comcast Robocalling Class Actions*, two consolidated cases filed on behalf of consumers who received automated, pre-recorded solicitation

phone calls from Defendants in violation of the Washington Consumer Protection Act;

- *Meilleur v. AT&T Corp.*, filed on behalf of consumers who received automated, pre-recorded solicitation phone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Ramirez v. Bank of America, N.A.*, filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Heyrich v. Global Callcenter Solutions,* filed on behalf of consumers who received solicitation phone calls on their cellular telephones made by an automatic telephone dialing system, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Rose v. Bank of America, Corporation*, filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Steinfeld v. Discover Financial Services*, filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Arthur v. Sallie Mae, Inc.*, filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Amadeck v. Capital One Financial*, filed on behalf of consumers who received automated, pre-recorded collection and solicitation phone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

- *Gehrich v. Chase Bank USA*, filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*; and

6. TMDW is currently litigating or has recently settled the following cases involving consumer fraud:

- *Cooper, et al. v. American Honda Motor Co., Inc.,* filed in 2010 on behalf of owners of 2006–2010 Honda Civics containing defective visors that cause them to split and hang in the face of drivers and passengers;

- *Milligan, et al. v. Toyota Motor Sales, Inc.*, filed in 2009 on behalf of owners of 2001 – 2003 Toyota RAV4s containing defective Electronic Computer Modules ("ECM") which cause harsh shifting conditions and permanent damage to the transmissions;

- *Brown v. U.S. Bank, N.A.,* filed in 2010 on behalf of Washington consumers who incurred overdraft fees on debit card transactions as a result of U.S. Bank's practice of re-sequencing transactions from highest to lowest;

- *Kitec Consolidated Cases,* in which TMD served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems;

- *Seraphin v. AT&T Internet Services, Inc., et al.* is a multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee ("ETF") when they cancelled service;

- *In re General Motors OnStar Litigation,* a consolidated group of lawsuits consumers brought against multiple auto manufacturers due to the failure of analog OnStar equipment in their vehicles and the resulting termination of OnStar service;

- *Soto v. American Honda Motor Corporation*, filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect.

7. TMDW is currently litigating or recently settled the following cases involving mortgage fraud and/or illegal debt adjusting schemes:

- *Smith v. Legal Helpers Debt Resolution LLC*, in which defendants allegedly engaged in a coordinated scheme to enrich themselves at the expense of indebted Washington consumers who have unsecured debts. A settlement between Plaintiffs and several Defendants was approved by the Court in December 2012. TMDW is continuing to litigate the case against the remaining Defendants.

- *Brown v. Consumer Law Associates LLC*, is another case in which defendants allegedly designed and implemented a uniform scheme to evade fee restrictions and other consumer protections. This case settled in 2012 and Plaintiffs' motion for preliminary settlement approval is currently pending before the United States District Court for the Eastern District of Washington.

- *Bronzich et al. v. Persels & Associates, LLC*, filed in 2010, defendants allegedly are co-conspirators that aided and abetted one another in carrying out unfair and deceptive business practices. This case settled in 2012 and a final approval hearing is scheduled for January 2013 in the United States District Court for the Eastern District of Washington.

- *Callow v. CDS Client Services, Inc. et al.,* where defendant allegedly is engaged in the business of debt adjusting and charging excessive fees. This case settled in 2012 and Plaintiffs' motion for final approval of the settlement is currently pending in Washington State Superior Court in and for King County

8. In addition to a successful consumer protection practice, TMDW has litigated the following wage and hour class actions:

- *Newell v. Home Care of Washington, Inc., et al,* in which we represent a class of over 400 in-home health care workers who allege violations of state wage and hour law. The class was certified on December 20, 2012 by the Honorable Linda Tompkins, in Washington State Superior Court, in and for Spokane County.

- *Hill v. Xerox Business Services, LLC, et al,* and *Douglas v. Xerox Business Services, LLC, et al,* in which we represent proposed classes of current and former call center workers who allege violations of state and federal wage and hour laws. Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc.* filed in January 2012, in which we represent Plaintiffs alleging that Defendants engaged in a systematic scheme of wage and hour abuse against non-managerial installation technicians in the State of Oregon. This scheme has involved, among other things, failing to pay non-managerial installation technicians for all hours worked, including overtime.

- *Khadera v. ABM Industries, Inc.*, in which we represent an opt-in FLSA class of 337 employees who allege violations of federal and state wage and hour law. The case settled in March 2012, and final approval of the settlement was granted on October 17, 2012 by the

Honorable Ricardo S. Martinez, in the United States District Court for the Western District of Washington.

- *Simpson v. ABM Industries, Inc.*, in which we represent a CR 23 class of approximately 6,800 employees who allege Washington State wage and hour violations. The case settled in March 2012, and final approval of the settlement was granted on September 28, 2012 by the Honorable Teresa B. Doyle, in the Washington State Superior Court in and for King County.

- *Labor Services Company Lawsuit*, in which we represented a class of 1,390 employees who alleged wage and hour violations. The case settled in 2009, and Plaintiffs' Motion for Final Approval of Class Action Settlement was approved on April 23, 2010.

- *Martinez v. 24 Hr. Professional Janitorial Services, Inc.*, in which we represented a class of 175 employees who alleged wage and hour violations. The case settled in 2009, and the settlement was approved by the Honorable Paris Kallas, in the Washington State Superior Court in and for King County.

- *Barnett et al. v. Wal-Mart Stores, Inc.*, in which we represented a certified class of more than 88,000 employees alleging wage and hour violations. After more than seven years of litigation, we obtained a $35,000,000 settlement on behalf of the class. That settlement was approved in July 2009.

- *McGinnity et al. v. AutoNation, Inc. et al.*, in which we represented a certified class of more than 500 employees who were denied vacation benefits they had earned. After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied defendants' petition for review. A judgment in excess of $2.6 million was satisfied in September 2009.

- *Ramirez et al. v. Precision Drywall, Inc.*, in which we represented a certified class of workers who allege they were not paid for all hours worked, and were not provided with proper rest and meal breaks. The case was tried in 2010 in King County Superior Court before a jury with the Honorable Timothy Bradshaw presiding. TMDW successfully obtained a judgment for the Plaintiff Class and is currently working on enforcing the judgment against multiple Defendants. The judgment is currently valued at more than $4.2 million.

- *Lettic v. Spectrum Glass Co., Inc.*, in which we represent a certified class of 300 current and former employees who allege wage and hour violations regarding time shaving practices and inadequate meal and rest breaks. We are currently preparing for the upcoming trial of this

matter in King County Superior Court before the Honorable Timothy Bradshaw.

9. TMDW undertook this case entirely on a contingency basis, meaning that if Plaintiff did not achieve a settlement or succeed at trial, the firm would not have recovered any of the costs incurred in litigating this action and would not have been paid anything for the time it has devoted to the litigation.

10. The attorneys and staff members of TMDW have devoted significant hours to investigating, litigating, and settling this case. TMDW attorneys and staff members reviewed documents and discovery responses produced by Fifth Third, prepared and served a Rule 30(b)(6) deposition notice regarding Fifth Third's electronic information systems. We also worked on briefing in support of Plaintiff's motion to amend the complaint and in the process thoroughly analyzed Defendant's "express consent" affirmative defense. We worked to prepare mediation submissions containing detailed factual and legal analysis and conducted legal research. We also attended mediation, worked on class notices, and prepared the papers in support of settlement approval.

11. The settlement reached in this case was contingent on Fifth Third providing an affidavit in support of its estimate of the number of allegedly unlawful calls and the basis for this estimate.

12. As of October 1, 2013, my firm has not received any written objections to the settlement. We will respond to any objections if we receive them.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 3rd day of October, 2013.

*[signature]*

Beth E. Terrell, *Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on October 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Gary S. Caplan, #6198263
>Email:  gcaplan@ReedSmith.com
>Henry Pietrkowski, #6230048
>Email:  hpietrkowski@ReedSmith.com
>Timothy R. Carraher, #6299248
>Email:  tcarraher@ReedSmith.com
>REED SMITH LLP
>10 South Wacker Drive, 40th Floor
>Chicago, Illinois  60606
>Telephone:  (312) 207-1000

*Attorneys for Defendant*

DATED this 3rd day of October, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By:  /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
Beth E. Terrell, *Admitted Pro Hac Vice*
Email:  bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiff*