IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION

| | |
|---|---|
| GARY HANLEY, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br>v.<br>FIFTH THIRD BANK,<br><br>                Defendant. | NO. 1:12-CV-1612<br><br>Honorable Rubin Castillo<br><br>Magistrate Judge Maria Valdez |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court having held a Final Approval Hearing on December 23, 2013, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    The Settlement Agreement dated June 6, 2013, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.    This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following "Class" certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons to whom, on or after March 6, 2008 through the date of Preliminary Approval, Fifth Third or any of its affiliates or subsidiaries, or any entity acting on its behalf, placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the consent of such person. Excluded from the Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Class.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Plaintiff, Class Counsel, and Fifth Third Bank.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Class in accordance with the terms set forth in Section III.E of the Settlement Agreement, that the Publication Notice was published in accordance with the terms set forth in the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Sections III.E–F of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Fifth Third Bank to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided in the Settlement Agreement.

9. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

10. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Fifth Third Bank, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

12. If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Class shall be deemed vacated. In such an event, the certification of the Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

13. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Fifth Third Bank as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14. The Court approves Class Counsel's application for $1,500,000 in attorneys' fees and costs, and for service awards to the Settlement Class representative in the amount of $25,000.

15. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Order on the docket forthwith.

IT IS SO ORDERED.

Dated: 12/23/13

Rubén Castillo
United States District Court Judge